UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARTIN MENDEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MARTIN GAMBOA,<br><br>　　　　Respondent. | Case No. 2:25-cv-01773-HDV (DTB)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED** |

## I.

## INTRODUCTION

On February 28, 2025, Martin Mendez ("Petitioner"), a California state prisoner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition") (Docket No. 1), along with a supporting Memorandum ("Pet. Mem."),[1] twenty supporting attachments ("Pet. Att."), and a Declaration in Support of Request to Proceed in Forma Pauperis ("IFP

---

[1] The typing on the Memorandum is single spaced, in violation of Central District Local Rules 11-3.2 ("The lines on each page shall be double spaced . . . .") and 11-3.6 ("The typing or printing on the document shall be double spaced, including citations and quotations.).

1

Application") (Docket No. 2). On April 7, 2025, Petitioner's IFP Application was granted. (Docket No. 6). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has conducted a preliminary review of the Petition for purposes of determining whether it "plainly appears" Petitioner is not entitled to relief. As set forth herein, the Court's review under Habeas Rule 4 reveals that the Petition contains unexhausted claims.

## II.

## PROCEDURAL BACKGROUND

On July 6, 2017, the Los Angeles County District Attorney filed a criminal complaint against Petitioner. The District Attorney ultimately charged Petitioner in an information with thirteen counts[2] of committing lewd acts on a child in violation of California Penal Code Section 288(a). The information alleged that the statute of limitations on the crimes involving each victim was extended pursuant to California Penal Code Section 803(f)(l) because, among other things, each of them had made a report[3] involving substantial sexual contact by Petitioner to a California law enforcement agency, and the criminal complaint against Petitioner had been filed within one year of those reports.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2]   The District Attorney charged Petitioner with seven counts as to victim V.H. and five counts as to victim J.R.. Petitioner was also charged with one count as to victim A.R., but the jury in Petitioner's first trial found Petitioner not guilty of that count.

[3]   The District Attorney alleged that V.H. made her report in March 2017 and that J.R. made his report on July 27, 2016.

Following the first trial, the jury acquitted Petitioner on eight counts, but failed to reach a verdict as to counts 1, 3, 7, (involving V.H.) and 8 and 11 (involving J.R.). Following a retrial of those five counts, the jury found Petitioner guilty on counts 1,3, and 8, but was unable to reach a unanimous verdict as to counts 7 and 11, and the trial court declared a mistrial as to those counts.[4]

Following his second trial, Petitioner was sentenced to an aggregate term of 10 years in prison, comprised of a middle-term sentence of six years on count 1, and two consecutive one-third the middle term sentences of two years each on counts 3 and 8.  (Pet. Att. 6, California Court of Appeal Opinion attached as Exhibit A to Petition for Review, at 246-47).[5]

Petitioner appealed from the judgment of conviction in the California Court of Appeal, alleging that:  (1) The prosecution was time barred under California Penal Code Section 803(f) because the complainants reported to California Law Enforcement more than a year before the complaint was filed and California Law Enforcement directed the complainants to make a report to Michigan Police, which was then sent to California Law Enforcement at complainants' direction more than a year before the complaint was filed; and (2) Petitioner's convictions must be reversed for the misinstruction to the jury that the victims' reports to Holland Police

---

[4] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

[5] The Petition, including the Memorandum and attachments, is 393 pages in length.  The pages of these documents are not consecutively numbered from the first page as required by Local Rule 11-3.3.  For convenience and clarity, the Court has consecutively numbered the pages of the Petition to correspond with the electronic pagination (ID #) provided by the Court's CM/EFC docketing system.

Department were inadmissible hearsay, and that transmission of those reports to the Los Angeles Police Department was insufficient as a matter of law to trigger the statute of limitations under California Penal Code Section 803(f)(1). (Pet. Att. 2, 4). In an unpublished decision issued on December 22, 2023, the California Court of Appeal affirmed the judgment. (Pet. Att. 6, California Court of Appeal Opinion attached as Exhibit A to Petition for Review, at 202-23).

Petitioner filed a Petition for Review with the California Supreme Court, alleging the same claims. (Pet. Att. 6). On February 28, 2024, the California Supreme Court summarily denied the Petition for Review. (Pet. Att. 7).).

In the Petition, Petitioner states he has not previously filed any other petitions, applications, or motions concerning his convictions in state court. (Petition at 3). A review of the California appellate courts' online dockets reflects that Petitioner has not filed any habeas petition in the California appellate courts, including the California Supreme Court, with respect to the third and fourth grounds raised in the Petition. (See https://appellatecases.courtinfo.ca.gov [last visited May 1, 2025). Moreover, in the Petition, Petitioner asserts that "Grounds 3 and 4 were not previously presented to the California Supreme Court because my appellate attorney said she could not appeal any of these issues since they were not part of the court record." (Petition at 7).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III.
## PETITIONER'S CLAIMS

Petitioner characterizes his claims as follows:

1. "Prosecution was time-barred under penal code section 803(F) because complainants reported to California Law Enforcement more than a year before the complaint was filed and California Law Enforcement directed complainants to make a report to Michigan Police, which was then sent to California Law Enforcement at complainants' direction more than a year before the complaint was filed." (Pet. Mem. at 9-10).

2. "Convictions must be reversed for the misinstruction to the jury that the victims' reports to Holland Police Department were inadmissible hearsay, and that transmission of those reports to the Los Angeles Police Department was insufficient as a matter of law to trigger the statute of limitations under Penal Code section 803, subdivision (f)(l)." (Pet. Mem. at 10-11).

3. "Defense counsel Jilbert Tahmazian committed a crime by cooperating with the prosecution so they could win my case. He confessed to me he was forced by the prosecution to cooperate with them or else he would be reported to the State Bar of California for submitting fraudulent evidence to the court on other cases he handled previously. Mr. Tahmazian also committed acts of misconduct by proposing to me to do something illegal and unethical, but I refused." (Pet. Mem. at 12-16).

4. Ineffective assistance of trial counsel. (Pet. Mem. at 17-18).

/ / /
/ / /
/ / /
/ / /
/ / /

## IV.

## DISCUSSION

Pursuant to Habeas Rule 4, a district court "must promptly examine" a petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." See also Mayle v. Felix, 545 U.S. 644, 656 (2005). Here, the Petition appears to be subject to dismissal on the basis that it is a "mixed" petition, containing both exhausted and unexhausted claims. As set forth below, Petitioner has failed to demonstrate that he exhausted his available state court remedies with respect to Grounds Three and Four prior to filing the instant Petition.

### A. The Petition Is Mixed.

Under 28 U.S.C. § 2254(b)(1), federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires "total exhaustion," meaning that each claim contained in a habeas petition must be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. Rhines v. Weber, 544 U.S. 269, 274 (2005); see also James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v.

Schriro, 653 F.3d 790, 801 (9th Cir. 2011).  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).  A federal court is prohibited from adjudicating "mixed petitions.".  Lundy, 455 U.S. at 510; see also Bolin v. Baker, 994 F.3d 1154, 1156 (9th Cir. 2021) (citing Lundy).

Here, it appears that Grounds One and Two of the Petition have been fully exhausted, as these claims were presented to the California Supreme Court on direct appeal.  However, Petitioner concedes that Grounds Three and Four were not exhausted prior to the filing of the instant Petition, since these claims have not been presented to the California Supreme Court.  (See Petition at 7).  In the Petition, Petitioner alleges that his appellate attorney advised him that she was unable to raise Grounds Three and Four on direct appeal since they were not part of the underlying record. (Id.).  There simply is no basis to suggest that Petitioner has raised Grounds Three and Four in a habeas petition to the California Supreme Court. A review of the California Appellate Courts docket reveals no record of any state habeas petitions filed by Petitioner.  As such, it appears Grounds Three and Four are unexhausted, rendering the Petition "mixed." Petitioner has not alleged or shown that an exception to the exhaustion requirement applies and, therefore, the Petition appears to be subject to dismissal on this basis.  See  Lundy, 455 U.S. at 510.

**B.     Petitioner's Request for Appointment of Counsel**

In the Petition, Petitioner requests the appointment of counsel due to lack of funds. (Petition at 18).  In ruling on a request for appointment of counsel, the Court evaluates both Petitioner's likelihood of success on the merits and his ability to articulate his claims pro se in light of the complexity of the legal issues involved.

7

See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Here, the Court finds that Petitioner has demonstrated sufficient ability to articulate his claims. Moreover, based on its initial review and analysis, it does not appear to the Court that the issues presented by Petitioner's claims are particularly complex. It also does not appear to the Court at this stage of the proceedings that Petitioner's claims are likely to succeed, although that is a preliminary assessment. Accordingly, Petitioner's request for appointment of counsel is DENIED without prejudice.. However, if the Court ultimately determines to hold an evidentiary hearing in this matter, the Court intends to appoint counsel to represent Petitioner. See Knaubert v. Goldsmith, 791 F.2d 722, 728-29 (9th Cir. 1986); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

## V.

## ORDER

For the foregoing reasons, the Court ORDERS Petitioner, **by no later than May 19, 2025**, to either (a) show that he has exhausted his state court remedies as to Grounds Three and Four in the Petition or (b) concede that those claims are unexhausted and select one of the following options:

1. File a motion to stay and abey the Petition under Rhines, 544 U.S. 269, if he believes he can make the required showings. To obtain a stay of the Petition under Rhines while he exhausts his state remedies, Petitioner must comply with the following requirements: (a) He must show good cause for his failure to earlier exhaust the claim(s) in state court; (b) the unexhausted claim(s) must not be "plainly meritless"; and (c) he must not have engaged in "abusive litigation tactics or intentional delay." 544 U.S. at 277-78; or

2. File a motion to stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended), overruling on other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). To obtain a stay under Kelly, Petitioner must

(a) voluntarily dismiss his unexhausted claims; (b) ask this Court to stay the then-fully exhausted Petition; and (c) return to state court to attempt to exhaust the unexhausted claims while the Petition is held in abeyance – with the understanding that he will be allowed to amend any newly-exhausted claim back into the Petition only if it is timely under AEDPA or "relates back" to the original exhausted claims, see Mayle, 545 U.S. at 664 ; or

    3.    File a request for a voluntary dismissal of the unexhausted claims alleged in the Petition (Grounds Three and Four).  The Court notifies Petitioner that if he chooses this option – to dismiss the unexhausted claims without seeking a stay and proceed only with his exhausted claims – then his unexhausted claims may later be time barred under 28 U.S.C. § 2244(d)(1), and any subsequent § 2254 habeas petition containing the currently unexhausted claims may be barred as an unauthorized second or successive petition; or

    4.    File a request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is warned that the failure to respond to this Order by May 19, 2025 may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Petitioner is further warned that the failure to select one of the four options (assuming he concedes Grounds Three and Four of the Petition are unexhausted) by May 19, 2025** will subject the Petition to dismissal without prejudice on the basis that it contains claims which have not been exhausted in state court.

DATED: May 2, 2025

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE